

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Carlos C. Ashley
District Attorney
Llano, Texas

Dear Sir:

Opinion Number O-3704
Re: Can Llano County use bond money
to pay for a survey and to purchase
and fence right of way on Highway 29,
West of the Town of Llano and South of
the Llano River, as directed by the
order calling said bond election, said
road now being designated Highway 29,
but which will probably be abandoned
by the highway department in the near
future and designated on the North side
of the Llano River?

We acknowledge receipt of your opinion request of
recent date and quote from your letter as follows:

"Can Llano County use bond money to pay for
a survey and to purchase and fence right-of-way
on Highway #29, West of the Town of Llano and
South of the Llano River, as directed by the
order calling said bond election, said road now
being designated Highway #29 but which will prob-
ably be abandoned by the highway department in the
near future and designated on the North side of
the Llano River?

"It is my opinion that since Highway #29 is
still designated South of the Llano River, West
of the Town of Llano, that said bond money can be
used as directed in the order calling the election
until the location of said road is changed or de-
signated at a different site by the Highway Depart-
ment."

Our records reveal that in regard to the bond issue mentioned in your letter the Commissioners' Court passed an order on November 18, 1938, calling an election to be held on the 22nd day of December, 1938, at which the following proposition was submitted to the voters of Llano County:

"SHALL the Commissioners' Court of Llano County, Texas, be authorized to issue bonds of said county, to the amount of $75,000 bearing interest not to exceed 3% per annum, maturing in serial installments to be designated by said court, the last installment to mature not later than twenty years after date of said bonds, for the purpose of construction, maintenance and operation of macadamized, graveled or paved roads and turnpikes, or in aid thereof, within said county, and specifically for the purpose of acquiring right of way incident to the construction of the following highways:

"(a) Brady to Llano to Round Mountain Highway, in Llano County;

"(b) Highway No. 29, through Llano County, and to levy an ad valorem tax on all taxable property within said county sufficient to pay the interest on said bonds and the principal thereof at maturity; said bonds to be issued in the manner provided by the laws of the State of Texas, and as authorized by Section 52 of Article 3 of the Constitution of the State."

We find that prior to the election the Commissioners' Court passed another order on December 12, 1938, providing, in part, as follows:

" * * * Now, Therefore, be it resolved by the Commissioners' Court of Llano County, Texas, and it is hereby adopted as the policy and pledge of this Court to use the proceeds of the above mentioned bond issue exclusively for the following purposes, to-wit:

* * * * * *

"(b) The acquisition of right-of-way incident to the straightening out and widening of Highway No. 29 from Llano to the Mason County line, south of Llano River.

* * * * * * *

"Adopted in open Court on this the 12th day of December, 1938."  (Underscoring ours).

In our Opinion Number O-3133, addressed to you, we said:  "In our opinion the Commissioners' Court by their order of December 12, 1938, pledged the bond proceeds for the acquisition of rights-of-way for roads specifically named in said order, and we believe that when this issue of bonds was approved by the voters the proceeds were 'ear-marked' with the character of a trust fund which could not be diverted to another purpose or project, but must be used for the acquisition of rights-of-way set out in said order. Fletcher v. Ely, 53 S. W. (2d) 817."

Therefore, we see from the foregoing that said bonds were voted for the acquisition of rights-of-way incident to the construction of Highway No. 29 from Llano to the Mason county line south of Llano River. For this reason it is our opinion that since Highway No. 29 is still designated south of Llano River, as described in the order of December 12,1938, that said bond proceeds can be used as directed in said order - that is, for acquisition of rights-of-way south of Llano River.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Claud O. Boothman_
Claud O. Boothman
Assistant

APPROVEDAUG 11, 1941

ATTORNEY GENERAL OF TEXAS

OOB-s

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN